IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUCY RENDLEMAN          )
and MARY YORK,          )
CO-ADMINISTRATORS OF    )
THE ESTATE OF           )
SEAN YORK, DECEASED,    )
                        )
    Plaintiffs,        )
                        )
v.                      )          Case No.: 3:24-CV-535
                        )
POLARIS INDUSTRIES INC., and  )
POLARIS SALES INC.,     )
                        )
    Defendants.        )

## COMPLAINT

### JURISDICTION & VENUE

1.   Jurisdiction lies pursuant to 28 U.S.C. §1322(a).

2.   The amount in controversy exceeds $75,000, exclusive of costs and interest, and the matter is between citizens of different States, as Decedent Sean York was a resident, domiciliary, and citizen of Illinois at the time of his death and at all times herein mentioned; Defendant Polaris Industries, Inc. is a citizen of Minnesota and Delaware, as it is incorporated in Delaware with its principal place of business in Medina, Minnesota; and Defendant Polaris Sales, Inc. is a citizen of Minnesota, incorporated in Minnesota with its principal place of business in Medina, Minnesota.

3.   Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or

omissions giving rise to the claim – including the subject vehicle failure, crash, and death – occurred in the Southern District of Illinois.

## PARTIES

1. Plaintiffs are co-Administrators of the Estate of Sean York, Deceased, and each named Plaintiff is a citizen of Illinois.

2. Decedent Sean York died on or about May 17, 2022 after being thrown from a 2017 Polaris Ranger, while operating said Polaris Ranger on his property within the Southern District of Illinois.

3. Defendants manufacture Polaris Rangers and sell them nationwide, including in the Southern District of Illinois.

4. Defendants own and operate dealerships in Illinois and otherwise do and conduct business in Illinois.

5. Polaris Sales, Inc. is a wholly owned subsidiary of Polaris Industries, Inc., (collectively herein "Polaris" "Polaris Defendants" or "Defendants"), with the same offices as Polaris Industries, Inc.

6. Polaris Sales, Inc. is registered with the Illinois Secretary of State and has a registered agent located in Chicago, Illinois.

7. Plaintiffs' Decedent, Sean York, operated the subject Polaris vehicle solely within Illinois.

## FACTS COMMON TO ALL COUNTS

1.    In 2017, Plaintiffs' and Decedent's family farm, named York Legacy Farms, was gifted a certain 2017 Polaris Ranger XP 1000, VIN 4XARTE996H8554063 (herein "the Ranger XP 1000") by a seed distributor they did business with.

2.    This seed distributor is named Beck's Seed Company, and they are located in Indiana.

3.    The Ranger XP 1000 was designed, manufactured, distributed, marketed, sold, and placed into the stream of commerce by the Defendants.

4.    A component of the Ranger XP 1000 is what is known as a "front upper control arm" (also called an "a-arm"), which – as part of the vehicle – was likewise designed and manufactured by the Defendants.  All "control arm" references herein are to the "front upper control arm".

5.    The upper control arm is part of the vehicle's suspension system, and plays several critical roles in the overall operation of the vehicle, including maintaining wheel alignment and allowing the vehicle to adapt to different types of terrain.

6.    The upper control arm is part of the front suspension, which connects the wheel assembly to the frame of the vehicle.

7.    The method used to connect the upper control arm to the frame (the chassis) is bolt and bushing, and the method used

to connect the upper control arm to the wheel assembly is via a ball joint.

8.    When the vehicle is being driven, it will generate and absorb various forces.

9.    As designed and manufactured, some of these forces act on the connection points between the upper control arm and the chassis frame.

10.    These forces will induce stress in the connectors at the connection points.

11.    If each of the front and rear connections for the upper control arm has two separate connection points on the chassis frame, this will reduce the stress on each connection point.

12.    Reducing the stress on each upper control arm connection has the effect of reducing the risk of these connections failing when the vehicle is being operated.

13.    The 2017 Ranger XP 1000 had a single chassis connection point at the front and rear connections for each upper control arm.

14.    This resulted in a phenomenon known as "single shear" wherein all the forces can act on a single cross-section of the mounting bolt.

15.    Subsequent model year Ranger XP 1000 vehicles, starting in 2018, have a separate bolt with two connection

points at the front and rear connections for each upper control arm, resulting in a phenomenon known as "double shear".

16.  Other vehicles designed and manufactured by the Defendants prior to the year 2017 likewise employed a separate bolt with two connection points – a "double shear" mount – at the front and rear chassis connections for each upper control arm.

17.  The Defendants could have employed the two-connection point "double shear" mount design for the 2017 Ranger XP 1000 and made a conscious and deliberate decision not to.

18.  The upper control arm is connected to the 2017 Ranger XP 1000 using what is known as a "long bolt."

19.  One end of the long bolt is "threaded", which facilitates the application of a nut at the connection point.

20.  The threaded part of a bolt is weaker than the unthreaded part of the bolt.

21.  The threaded part of the bolt is able to withstand less force before failing than the unthreaded part of the bolt.

22.  The design and manufacture of the vehicle should make every effort to minimize any stress that the threaded part of the long bolt will bear.

23.  It is foreseeable that in the course of normal operation of this vehicle, the threaded part of the bolt may nonetheless come to bear force and thus become stressed.

24. That at the time the vehicle was designed and manufactured, the defendants knew that the design was such that during normal operation the threaded part of the bolt may nonetheless come to bear force and thus become stressed.

25. This foreseeable possibility is an additional reason that the defendants should have doubled the number of connection points between the upper control arm and the chassis, thereby reducing the stress on each connection point.

26. The 2017 Ranger XP 1000 also comes with an "Owner's Manual for Maintenance and Safety".

27. This manual provides instructions and recommendations for safe and enjoyable operation of the vehicle, and contains instructions for minor maintenance.

28. Polaris intends individuals who perform maintenance on the vehicle to rely on this manual.

29. This manual includes a periodic maintenance chart.

30. The periodic maintenance chart references a "pre-ride checklist" which recommends inspecting the front suspension before each ride and lubricating if necessary.

31. The periodic maintenance chart recommends that the suspension be lubricated every 50 hours, 6 months or 500 miles.

32. The periodic maintenance chart recommends that the suspension bushings should be inspected every 250 hours, 24 months or 2,000 miles and replaced if necessary.

33.  The manual instructs not to attach the winch cable to a suspension component, explains how to adjust the suspension to provide a stiffer suspension, and calls out the grease for the control arm pivot bushings.

34.  The manual makes no mention, or otherwise provides or implies instructions about checking the torque of any suspension components.

35.  On May 17, 2022, Sean York was operating the subject 2017 Ranger XP 1000 in a safe and foreseeable manner on his farm.

36.  While doing so, he was wearing his seat belt.

37.  While he was doing so, the upper control arm connection failed, he lost control of the vehicle, drove into a ditch, and the vehicle flipped over.

38.  As a result of these events, and despite wearing his seat belt, Sean York was thrown from the vehicle.

39.  As a result of these events, Sean York suffered severe internal injuries, and experienced great pain prior to his death.

40.  As a result of these events, Sean York died on May 17, 2022.

<u>**COUNT I**</u>

(Strict Products Liability – Wrongful Death
v. Polaris Industries Inc.)

Case No.:
Page **7** of **15**

Come now Plaintiffs, by and through their attorneys, KEEFE, KEEFE & UNSELL, P.C., and for Count I of their Complaint against the defendant, Polaris Industries Inc., state:

1. – 40.   Plaintiffs hereby adopt and incorporate the allegations of paragraphs 1 through and including 40 of the preceding FACTS section as though fully set forth herein as and for paragraphs 1 through and including 40 of Count I of their Complaint.

41.   That the 2017 Polaris Ranger XP 1000 utility terrain vehicle, VIN 4XARTE996H8554063, when designed, manufactured, distributed, marketed, sold, when it was placed into the stream of commerce, when it left Defendant's control, and at all times thereafter, including at all times herein mentioned, was in a defective and unreasonably dangerous condition in that:

> a) It failed to incorporate a "double shear" mount upper control arm;
>
> b)  It caused the threaded portion of the long bolt connecting the upper control arm and the chassis to bear avoidable force and stress;
>
> c)  The manual failed to recommend routinely checking the torque on all aspects of the suspension;
>
> d)  The seat belt was unable to keep the driver restrained in the event of a foreseeable rollover event.

42.   That as a direct and proximate result of the defective and unreasonably dangerous condition of the Ranger XP 1000 as aforesaid, Sean York was crushed to death and his next of kin

have been permanently deprived of his love, companionship, society, consortium, services, and support, and they have suffered permanent grief and sorrow, all to their damage in a substantial amount.

WHEREFORE, Plaintiffs demands judgement against the defendant in an amount greater than $75,000.00 plus costs and interest.

### COUNT II

(Strict Products Liability – Survival
v. Polaris Industries Inc.)

Come now Plaintiffs, by and through their attorneys, KEEFE, KEEFE & UNSELL, P.C., and for Count II of their Complaint against the defendant, Polaris Industries Inc., state:

1. – 41.  Plaintiffs hereby adopt and incorporate the allegations of paragraphs 1 through and including 41 of Count I of their Complaint as though fully set forth herein as and for paragraphs 1 through and including 41 of Count II of their Complaint.

42.  That as a direct and proximate result of the defective and unreasonably dangerous condition of the Ranger XP 1000 as aforesaid, Sean York suffered permanent pain, mental anguish, disfigurement, incurred medical bills up until the time of his death, and was permanently prevented from attending to his usual

affairs and duties up to the time of his death, all to his damage in a substantial amount.

WHEREFORE, Plaintiffs demands judgement against the defendant in an amount greater than $75,000.00 plus costs and interest.

## COUNT III

(Negligence – Wrongful Death
v. Polaris Industries Inc.)

Come now Plaintiffs, by and through their attorneys, KEEFE, KEEFE & UNSELL, P.C., and for Count III of their Complaint against the defendant, Polaris Industries Inc., state:

1. – 40.  Plaintiffs hereby adopt and incorporate the allegations of paragraphs 1 through and including 40 of Count I of their Complaint as though fully set forth herein as and for paragraphs 1 through and including 40 of Count III of their Complaint.

41.  That at all times herein mentioned, Defendant was guilty of one or more of the following negligent acts or omissions:

    a) Negligently and carelessly failed to incorporate a "double shear" mount upper control arm;

    b) Negligently and carelessly caused the threaded portion of the long bolt connecting the upper control arm and the chassis to bear avoidable force and stress;

    c) Negligently and carelessly failed to recommend routinely checking the torque on all aspects of the suspension;

d) Negligently and carelessly designed, manufactured, and sold a seat belt unable to keep the driver restrained in the event of a foreseeable rollover event.

42.  That as a direct and proximate result of Defendant's negligence as aforesaid, Sean York was crushed to death and his next of kin have been permanently deprived of his love, companionship, society, consortium, services, and support, and they have suffered permanent grief and sorrow, all to their damage in a substantial amount.

WHEREFORE, Plaintiffs demands judgement against the defendant in an amount greater than $75,000.00 plus costs and interest.

## COUNT IV

(Negligence – Survival
v. Polaris Industries Inc.)

Come now Plaintiffs, by and through their attorneys, KEEFE, KEEFE & UNSELL, P.C., and for Count IV of their Complaint against the defendant, Polaris Industries Inc., state:

1. – 41.  Plaintiffs hereby adopt and incorporate the allegations of paragraphs 1 through and including 41 of Count III of their Complaint as though fully set forth herein as and for paragraphs 1 through and including 41 of Count IV of their Complaint.

42.  That as a direct and proximate result of Defendant's negligence as aforesaid, Sean York suffered

Case No.:
Page **11** of **15**

permanent pain, mental anguish, disfigurement, incurred medical bills up until the time of his death, and was permanently prevented from attending to his usual affairs and duties up to the time of his death, all to his damage in a substantial amount.

WHEREFORE, Plaintiffs demands judgement against the defendant in an amount greater than $75,000.00 plus costs and interest.

### COUNT V

(Strict Products Liability – Wrongful Death
v. Polaris Sales Inc.)

Come now Plaintiffs, by and through their attorneys, KEEFE, KEEFE & UNSELL, P.C., and for Count V of their Complaint against the defendant, Polaris Sales Inc., state:

1. – 42.  Plaintiffs hereby adopt and incorporate the allegations of paragraphs 1 through and including 42 of Count I of their Complaint as though fully set forth herein as and for paragraphs 1 through and including 42 of Count V of their Complaint.

WHEREFORE, Plaintiffs demands judgement against the defendant in an amount greater than $75,000.00 plus costs and interest.

### COUNT VI

(Strict Products Liability – Survival
v. Polaris Sales Inc.)

Case No.:
Page **12** of **15**

Come now Plaintiffs, by and through their attorneys, KEEFE, KEEFE & UNSELL, P.C., and for Count VI of their Complaint against the defendant, Polaris Sales Inc., state:

1. – 42.  Plaintiffs hereby adopt and incorporate the allegations of paragraphs 1 through and including 42 of Count II of their Complaint as though fully set forth herein as and for paragraphs 1 through and including 42 of Count VI of their Complaint.

WHEREFORE, Plaintiffs demands judgement against the defendant in an amount greater than $75,000.00 plus costs and interest.

### COUNT VII

(Negligence – Wrongful Death
v. Polaris Sales Inc.)

Come now Plaintiffs, by and through their attorneys, KEEFE, KEEFE & UNSELL, P.C., and for Count VII of their Complaint against the defendant, Polaris Sales Inc., state:

1. – 42.  Plaintiffs hereby adopt and incorporate the allegations of paragraphs 1 through and including 42 of Count III of their Complaint as though fully set forth herein as and for paragraphs 1 through and including 42 of Count VII of their Complaint.

WHEREFORE, Plaintiffs demands judgement against the defendant in an amount greater than $75,000.00 plus costs and interest.

## COUNT VIII

(Negligence – Survival
v. Polaris Sales Inc.)

Come now Plaintiffs, by and through their attorneys, KEEFE, KEEFE & UNSELL, P.C., and for Count VIII of their Complaint against the defendant, Polaris Sales Inc., state:

1. – 42.  Plaintiffs hereby adopt and incorporate the allegations of paragraphs 1 through and including 42 of Count IV of their Complaint as though fully set forth herein as and for paragraphs 1 through and including 42 of Count VIII of their Complaint.

WHEREFORE, Plaintiffs demands judgement against the defendant in an amount greater than $75,000.00 plus costs and interest.

/s/ Thomas Q. Keefe, III_____
Thomas Q Keefe, III
IL REG NO. 6294376
Attorney for Plaintiff

**KEEFE, KEEFE & UNSELL, P.C.**
**ATTORNEY AT LAW**
**#6 EXECUTIVE WOODS COURT**
**BELLEVILLE, ILLINOIS 62226**
**618/236-2221**
**618/236-2194 (Facsimile)**

**Primary Email:** tiffany@tqkeefe.com
**Secondary Email:** keefetq@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2024, I electronically filed the COMPLAINT with the Clerk of Court using the CM/ECF filing system.

/s/ Thomas Q. Keefe, III
Thomas Q Keefe, III
IL REG NO. 6294376
Attorney for Plaintiff